DONACIANO RODRÍGUEZ BERDECÍA, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. R-67-25.    Decided October 27, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellant. *Ángel Viera Martínez* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Donaciano Rodríguez Berdecía possessed two licenses for the retail sale of alcoholic beverages in the "Castle Club" located at Fernández Juncos Avenue of Santurce. After an administrative hearing was held, the Secretary of the Treasury entered an order on March 4, 1965, revoking the retail dealer in alcoholic beverages licenses issued to Rodríguez Berdecía for the "Castle Club" business because the same

was considered a public nuisance. In said order Rodríguez Berdecía was allowed a 10-day term to liquidate the alcoholic beverages stock which was in the aforesaid business and, besides, he was ordered to deliver the certificates of the revoked licenses to the Collector of Internal Revenue of Santurce.

On March 11, 1965, Rodríguez filed a petition for certiorari before the Superior Court, San Juan Part, to review the aforesaid order from the Secretary of the Treasury, revoking his licenses. Said petition being pending, Rodríguez was caught by internal revenue agents, on March 19 and 24, 1965, while being engaged in the sale of alcoholic beverages. All the alcoholic beverages which he had in his possession were confiscated and two informations were filed before the Superior Court, San Juan Part, for violation of § 82 of the Spirits and Alcoholic Beverages Act (being engaged in the sale of alcoholic beverages without having obtained the license required therefor).

After a trial was held on the merits, the Superior Court rendered judgment on June 7, 1965, acquitting defendant in both causes.

On June 11 of the same year and through his attorney, Rodríguez requested the Chief of the Bureau of Alcoholic Beverages, in writing, to order that the alcoholic beverages confiscated be returned to him.

On August 20, 1965, his letter was answered by the Chief of the Bureau of Alcoholic Beverages denying his request and informing him: "Said beverage will be sold at public auction, relying on the provisions of § 97 of the Spirits and Alcoholic Beverages Act, and at the proper time we shall notify Rodríguez Berdecía in relation to other particulars of the proposed auction."

Then Rodríguez, through his attorney, sent a letter dated August 26, 1965, to the Secretary of the Treasury reiterating his request to return the confiscated beverage and in

the event the Secretary believed otherwise, to order the suspension of the auction until Rodríguez could resort to the courts.

On October 11, 1965, the Secretary of the Treasury answered the letter ratifying the position of the Bureau of Beverages but informing him that he had given instructions to said Bureau to suspend the auction for a period of 30 days.

On that same day, October 11, 1965, the Superior Court, San Juan Part, rendered judgment in the petition for certiorari setting aside the Order of the Secretary of the Treasury of March 4, 1965, by virtue of which Rodríguez' licenses had been revoked, and ordering the holding of a new administrative hearing.[1]

On November 2, 1965, Rodríguez filed before the Superior Court, San Juan Part, a petition for mandamus against the Secretary of the Treasury, requesting that said officer be ordered to return the alcoholic beverages confiscated. The Secretary of the Treasury requested the dismissal of the petition alleging that the court lacked jurisdiction since plaintiff's remedy was that of appeal from the order to sell confiscated property. Said motion was denied. The Secretary of the Treasury requested this Court to review said order by way of certiorari. This Court decided "there is no occasion for us to review at this stage of the proceedings."

Once the petition for mandamus was answered, the plaintiff requested the Court to render summary judgment in his favor. It was objected to by the Secretary of the Treasury,

---

[1] It appears from the record that this new administrative hearing has not been held. We assume that the reason therefor is that the revoked license expired, since § 7 of the Spirits and Alcoholic Beverages Act (13 L.P.R.A. § 1534) provides that the licenses issued by the Secretary of the Treasury shall expire on June 30 of each year.

who in turn requested that the summary judgment be rendered in his favor.

On December 29, 1966, the Superior Court rendered summary judgment in favor of the plaintiff and ordered the Secretary of the Treasury to return to plaintiff Rodríguez Berdecía the confiscated alcoholic beverages.

In order to review said judgment we issued the present writ.

The Secretary of the Treasury revoked the license to Rodríguez Berdecía by virtue of the authority granted by the Spirits and Alcoholic Beverages Act in its § 56 (13 L.P.R.A. § 1711). Against the action of the Secretary of the Treasury in revoking a license, the remedy of certiorari may be instituted by the prejudiced person in the part of the Superior Court where he resides, within the ten days following the notification of the decision by the Secretary. Rodríguez Berdecía did it thus. It was while this remedy was pending that the two criminal actions to which we have previously referred were brought against Rodríguez Berdecía and by virtue of the power he is granted by § 65 of the Act (13 L.P.R.A. § 1742), the Secretary of the Treasury confiscated the alcoholic beverages which gave rise to the present appeal and announced his intention to sell them at public auction, if the taxpayer did not liquidate them within the term which he was granted for those purposes.[2]

■ Section 97 of the Act provides, "Whenever the Secretary of the Treasury is empowered by this subtitle to sell articles or products seized by him or by his agents, other

---

[2] The aforesaid § 65 provides insofar as pertinent:

"Every person undertaking or continuing any industry, business or occupation subject to license or permit . . . without obtaining or renewing the corresponding license, or without paying the fees, or installments thereof, . . . or whose license may have been revoked, shall be guilty of a misdemeanor, and the plant, . . . taxable products, . . . may be attached by the Secretary of the Treasury or by his agents, and by him sold at public auction to indemnify the Commonwealth of Puerto Rico."

than vehicles, mounts, vessels or planes, the natural or artificial person aggrieved may appeal to the proper part of the Superior Court, which shall, after hearing the interested parties, have jurisdiction to affirm, reverse, or modify the decision of the Secretary of the Treasury. Said appeal shall be filed within ten days after the interested person is notified . . . ."

■ Rodríguez Berdecía did not file any appeal. Although from the form and contents of the notification it does not appear clear whether or not his term to appeal had expired, it is unnecessary, however, that we consider the question, and also it is unnecessary either to decide whether the acquittal of Rodríguez Berdecía of the offenses charged against him which gave authority to the Secretary of the Treasury to confiscate the beverages, produced the ineffectiveness and invalidity of the confiscation. The truth is that the order from the Secretary of the Treasury revoking Rodríguez Berdecía's licenses, was the basis for charging the latter with two violations of the act and for the consequent confiscation of the alcoholic beverages. However, on October 11, 1965, date on which the Secretary of the Treasury notified Rodríguez Berdecía that he had given orders to suspend the auction for 30 days, the Superior Court reversed and set aside the decision of the Secretary cancelling Rodríguez Berdecía's licenses and ordered the holding of a new administrative hearing, which as we have said before was never held. The licenses sought to be cancelled remaining, thus, in force until their expiration, the confiscation of the alcoholic beverages lacked ground and in view of the refusal of the Secretary of the Treasury to return them, it was appropriate to issue the writ of mandamus, as the trial court correctly decided.

Consequently the judgment of the Superior Court of December 29, 1966, will be affirmed.